Following a jury trial in the District Court, the defendant was convicted of assault and battery causing serious bodily injury, G. L. c. 265, § 13A (b ).[2] On appeal, the defendant claims that (1) the admission in evidence that he received full Miranda warnings was error which created a substantial risk of a miscarriage of justice, and (2) the denial of his pretrial motion to sever the offenses for trial was an abuse of discretion. Discerning no abuse of discretion or other error of law, we affirm.
Background. We summarize the relevant facts and procedural background. On April 20, 2016, at approximately 3 A . M ., Falmouth police officers responded to a reported disturbance at 32 Bonnie Lane. Upon arrival they observed the victim with what appeared to be a gaping wound in his stomach. The victim reported that he had been attacked by a white male wearing a gray top and tan pants. The assault had dislodged the victim's colostomy bag causing his intestines to protrude from a hole in his stomach.
After a brief unsuccessful search for the suspect, a police K-9 unit trained in the detection of human odor arrived to assist in the search. Shortly thereafter, the K-9 led police to the defendant who was hiding in the woods not far from 32 Bonnie Lane. He was wearing a gray T-shirt and tan pants. The defendant was directed to his knees and handcuffed. At that point the defendant stated that "he was smacked in the face by another male." One of the officers immediately began to give the defendant Miranda warnings by reading them from a card. The advisement was interrupted when neighbors began yelling at the defendant and the police. The officer then finished reading the Miranda warnings to the defendant.
The defendant became uncooperative when the officers told the neighbors to go inside. He rose to his feet and attempted to pull away. A struggle ensued and the officers forcibly took the defendant to the ground as he fought back. The officers regained control after fifteen to thirty seconds when a third officer arrived and "probed [the defendant] with his taser." The defendant was secured in leg irons and placed in a cruiser. While in the cruiser, the defendant stated that he had been involved in an altercation with a male in the vicinity.
The victim was transported to the hospital where he underwent surgery. While at the hospital, the victim was shown an array of photographs which included the defendant, whom he was unable to identify.
The defendant filed a motion to suppress his statements to the police claiming that (1) the statements were not voluntary due to his state of intoxication, and (2) he had not knowingly and voluntarily waived his constitutional rights. Following an evidentiary hearing and supplemental briefing, the judge denied the motion, reasoning that "both statements were voluntarily made while the defendant was in custody" and that "they were not the product of interrogation or the functional equivalent of interrogation by the police."
Discussion. 1. Testimony regarding Miranda warnings. The defendant does not challenge the denial of his motion to suppress. Rather, he claims error in the admission of testimony at trial that the defendant received his "full Miranda warnings," which, according to the defendant, was false and tainted the jury's consideration of the voluntariness of those statements. Because the defendant did not object to the testimony at trial, we review to determine whether there was error and, if so, whether the error created a substantial risk of a miscarriage of justice. See Commonwealth v. AdonSoto, 475 Mass. 497, 504 (2016).
First, we do not accept the defendant's assertion that the testimony that he received his full Miranda warnings was false. Officer Kotfila testified at both the suppression hearing and at trial that (1) he advised the defendant of his rights by reading them from a card, (2) he was interrupted when neighbors began shouting at them, and (3) he then completed reading the Miranda warnings to the defendant. The Commonwealth's statement in a post-hearing pleading that "it would be unable to meet its burden of proving that [the] [d]efendant was ever fully provided his Miranda warnings," does not render that testimony false, and the judge made no finding to that effect.
Second, evidence bearing on whether the warnings were given was relevant because the voluntariness of the defendant's statements was a live issue at trial. See Commonwealth v. Caputo, 439 Mass. 153, 164 (2003) ; Commonwealth v. Tavares, 385 Mass. 140, 153 n.19 (1982) ; Commonwealth v. Chung, 378 Mass. 451, 458 n.9 (1979). We therefore discern no error in the admission of that evidence. Finally, in light of the ample evidence that the defendant's statements were spontaneous rather than in response to police interrogation, testimony that the defendant received full Miranda warnings could not have created a reasonable doubt as to their voluntariness. In short, we see no substantial risk that justice miscarried.
2. Severance of charges. Before trial, the defendant filed a motion seeking to sever the assault and battery charge from the charges of disturbing the peace and resisting arrest. On appeal he claims that denial of the motion was an abuse of discretion, see Commonwealth v. Clarke, 418 Mass. 207, 217 (1994) ("[s]everance is a matter within the sound discretion of the trial judge"), because the evidence of resisting arrest was so overwhelming that the jury used it as a substitute for evidence of the assault and battery. We disagree.
Offenses are considered related for the purposes of joinder "if they are based on the same criminal conduct or episode or arise out of a course of criminal conduct." Mass. R. Crim. P. 9 (a) (1), 378 Mass. 859 (1979). "Time and space play an important role in determining whether offenses are related offenses for the purposes of joinder." Commonwealth v. Delaney, 425 Mass. 587, 594 (1997). Here, where the conduct which culminated in charges of resisting arrest and disturbing the peace occurred as the defendant was being arrested for assault and battery, we think it plain that the offenses were close in time and place, and therefore related and properly joined for trial.
Further, the defendant failed to establish that "the prejudice resulting from a joint trial [was] so compelling that it prevent[ed] [him] from obtaining a fair trial." Clarke, 418 Mass. at 217, quoting Commonwealth v. Moran, 387 Mass. 644, 658 (1982). The jury's inability to reach a verdict on the charge of resisting arrest demonstrates that they did not substitute evidence of the defendant's resistance for evidence of his assault and battery on the victim.
Judgment affirmed.

The defendant was also charged with disturbing the peace, G. L. c. 272, § 53, and resisting arresting, G. L. c. 268, § 32B. The disturbing the peace charge was dismissed at the request of the Commonwealth. The Commonwealth filed a notice of nolle prosequi with respect to the charge of resisting arrest following a mistrial on that count.